**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UWE PICKERING, § § | |
| Plaintiff, § § | |
| v. § § | Case No.: |
| STELLAR RECOVERY, INC., § § | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant. § § | (Unlawful Debt Collection Practices) |

## COMPLAINT

UWE PICKERING ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STELLAR RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Texas Fair Debt Collection Practices Act, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States, and 28 U.S.C. § 1367 which grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the State of Texas; as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Carrollton, Texas.

6. Defendant is a debt collector, which maintains their headquarters at 1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendants attempted to collect an alleged consumer debt from Plaintiff regarding a Beneficial account.

10. The alleged debt arose out of transactions that were for personal, family or household purposes.

11. Between January 2014 and February 2014, Defendant placed repeated harassing telephone calls to Plaintiff's home, cellular and work telephone numbers.

12. Defendant's harassing collection calls originated from numbers including, but not limited to (888) 318-7050. The undersigned has confirmed this number belongs to Defendant.

13. During this time, Plaintiff received on average one to three calls per day.

14. Frustrated by the repeated calls, Plaintiff told Defendant to stop calling.

15. However, Defendant continued to call.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17. Defendant's actions as described herein were taken with the intent to harass, upset, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

18. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

19. Defendant violated §1692d of the FDCPA when it harassed the Plaintiff by calling the Plaintiff continuously and repeatedly on a daily, and when it engaged in other harassing and oppressive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

21. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, on a daily basis, and often more than once a day, with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

23. Defendant violated § 1692f of the FDCPA when it called Plaintiff on a repetitive and continuous basis, and when it used other unfair or unconscionable meant in its attempt to collect any debt.

## COUNT IV
## DEFENDANT VIOLATED THE § 392.302(4) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

24. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

25. Defendant violated § 392.302(4) of the Texas FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED THE § 392.302(4) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

26. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

27. Defendant violated § 392.302(4) of the Texas FDCPA when it kept repeatedly or

continuously causing Plaintiff's telephone to ring, as aforesaid, with the intent to harass the Plaintiff.

**COUNT IX**
**DEFENDANT VIOLATED § 392.303(a)(2) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

28.  Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

29.  Defendant violated § 392.303(a)(2) when it called Plaintiff repeatedly and continuously, when it called Plaintiff on a daily basis, and when it engaged in other unfair or unconscionable means to collect a debt.

WHEREFORE, Plaintiff, UWE PICKERING, respectfully prays for a judgment as follows:

a.  All actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and statutory damages of $100.00 for the violation of the Tex. Fin. Code Ann. § 392 *et. seq*. pursuant to Tex. Fin. Code Ann. § 392.403(e);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code Ann. § 392.403(b); and

d.  Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, UWE PICKERING, demands a jury trial in this case.

DATED:  September 16, 2014        KIMMEL & SILVERMAN, P.C.

                                              By:  /s/ Amy L. Bennecoff
                                                 Amy L. Bennecoff
                                                 Kimmel & Silverman, P.C.
                                              30 E. Butler Avenue
                                              Ambler, PA 19002
                                              Tel: 215-540-8888
                                              Fax: 215-540-8817
                                              Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT