IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UWE PICKERING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-00593-RC-ALM |
| | ) |
| STELLAR RECOVERY, INC., | ) |
| | ) |
| Defendant, | ) |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT STELLAR RECOVERY, INC.**

COMES NOW Defendant Stellar Recovery, Inc., (hereinafter "Stellar") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

**INTRODUCTION**

1.  Stellar acknowledges that Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Fair Debt Collection Practices Act ("TFDCPA"), but denies that Plaintiff is entitled to any relief requested herein.

**JURISDICTION AND VENUE**

2.  Stellar admits that jurisdiction is proper in this court, as alleged in Paragraph 2 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any relief requested herein.

3.  Stellar admits that this court has personal jurisdiction over Stellar, as alleged in Paragraph 3 of Plaintiff's Complaint, but denies the Plaintiff is entitled to any relief requested herein.

4.  Stellar admits that venue is proper, as alleged in Paragraph 4 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any relief requested herein.

## PARTIES

5. Stellar lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Stellar admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is warranted. To the extent any response is deemed necessary, Stellar lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same for the present time.

8. Stellar lacks sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9. Stellar admits that it was attempting to collect Plaintiff's unpaid balance on a debt originally owed to Beneficial. Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same for the present time.

10. Stellar lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same for the present time.

11. Stellar admits that it called Plaintiff in January and February 2014. Stellar denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Stellar admits that it may have called Plaintiff from phone number 888-318-7050, which number does belong to Stellar. Stellar denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13. Stellar denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Stellar admits that on February 20, 2014, Plaintiff requested that Stellar cease calling Plaintiff, which it did.  Stellar denies that any such request was made prior to February 20, 2014 and denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Stellar denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Stellar denies that it called Plaintiff after he requested that calls stop.  Stellar denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Stellar denies the allegations in Paragraph 17 of Plaintiff's Complaint.

## RESPONSE TO COUNT I
## ALLEGED VIOLATION OF § 1692d OF THE FDCPA

Stellar restates and reincorporates its responses to Paragraphs 1-17 set forth above as if fully stated herein.

18. Paragraph 18 quotes a statute and, as such, no response is required.  Stellar denies any implication that it violated the statute referenced in Paragraph 18 of Plaintiff's Complaint.

19. Stellar denies the allegations in Paragraph 19 of Plaintiff's Complaint.

## RESPONSE TO COUNT II
## ALLEGED VIOLAITON OF § 1692d(5) OF THE FDCPA

Stellar restates and reincorporates its responses to Paragraphs 1-19 set forth above as if fully stated herein.

20. Paragraph 20 quotes a statute and, as such, no response is required.  Stellar denies any implication that it violated the statute referenced in Paragraph 20 of Plaintiff's Complaint.

21. Stellar denies the allegations in Paragraph 21 of Plaintiff's Complaint.

## RESPONSE TO COUNT III
## ALLEGED VIOLATION OF § 1692f OF THE FDCPA

Stellar restates and reincorporates its responses to Paragraphs 1-21 set forth above as if fully stated herein.

22. Paragraph 22 quotes a statute and, as such, no response is required. Stellar denies any implication that it violated the statute referenced in Paragraph 22 of Plaintiff's Complaint.

23. Stellar denies the allegations in Paragraph 23 of Plaintiff's Complaint.

### RESPONSE TO COUNT IV
### ALLEGED VIOLATION OF § 392.302(4) OF THE TX FDCPA

Stellar restates and reincorporates its responses to Paragraphs 1-23 set forth above as if fully stated herein.

24. Paragraph 24 quotes a statute and, as such, no response is required. Stellar denies any implication that it violated the statute referenced in Paragraph 24 of Plaintiff's Complaint.

25. Stellar denies the allegations in Paragraph 25 of Plaintiff's Complaint.

### RESPONSE TO COUNT V
### ALLEGED VIOLATION OF § 392.302(4) OF THE TX FDCPA (the same as Count IV)

Stellar restates and reincorporates its responses to Paragraphs 1-25 set forth above as if fully stated herein.

26. Paragraph 26 quotes a statute and, as such, no response is required. Stellar denies any implication that it violated the statute referenced in Paragraph 26 of Plaintiff's Complaint.

27. Stellar the allegations in Paragraph 27 of Plaintiff's Complaint.

### (THERE ARE NO COUNTS VI, VII, OR VIII)

### RESPONSE TO COUNT IX (sic)
### ALLEGED VIOLATION OF § 392.303(a)(2) OF THE TX FDCPA

Stellar restates and reincorporates its responses to Paragraphs 1-27 set forth above as if fully stated herein.

28. Paragraph 28 quotes a statute and, as such, no response is required. Stellar denies any implication that it violated the statute referenced in Paragraph 28 of Plaintiff's Complaint.

29. Stellar denies the allegations in Paragraph 29 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate damages if any.

3. Stellar maintains thorough policies and procedures to comply with all consumer protection statutes and provides training in those procedures for all employees who participate in collection communications.  Any collection communication, which may have allegedly violated the FDCPA, TXFDCPA, are subject to a *bona fide error* defense.

4. Stellar reserves the right to assert any other affirmative defenses as revealed within the discovery process.

WHEREFORE, Stellar prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631
***COUNSEL FOR DEFENDANT***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of November, 2014, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
*ATTORNEYS FOR PLAINTIFF*

                                               /s/ Robbie Malone
                                               ROBBIE MALONE